## BOMBECK v. HAMBLETT.

No. 5093.   Opinion Filed November 2, 1915.

(152 Pac. 813.)

CHATTEL MORTGAGES—Failure to Release—Penalty—Application of Statute.   Section 4408, Comp. Laws 1909, providing a forfeiture of $100 for the failure to release a mortgage, which has been satisfied, deals exclusively with recorded mortgages, and does not apply to chattel mortgages which are by law merely required to be filed.

(Syllabus by Rittenhouse, C.)

*Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Action by Mrs. S. F. Hamblett against Henry Bombeck. Judgment for plaintiff, and defendant brings error. Reversed.

*William Neff, L. E. Neff,* and *Fred S. Zick,* for plaintiff in error.

*N. B. Maxey* and *Kelly Brown,* for defendant in error.

Opinion by RITTENHOUSE, C.. This is an action to recover $100 as a forfeiture under section 4408, Comp. Laws 1909, for the failure to release a certain chattel mortgage filed in the office of the register of deeds of Muskogee county on the 26th day of January, 1911, the notes to secure which the mortgage was given having been paid on June 1, 1912, and upon request and tender of sufficient fees to release said chattel mortgage the defendant failed and refused so to do.

The question to be determined is: Does section 4408, *supra,* provide for a forfeiture of $100 for the failure to release a chattel mortgage, or does it apply exclusively to the failure to release real estate mortgages? Section 4408, *supra,* reads as follows:

"When any mortgage has been satisfied, the mortgagee or his assignee must, immediately on demand of the mortgagor, execute and deliver to him a certificate of the discharge thereof, and must, at the expense of the mortgagor, acknowledge the execution thereof, so as to entitle it to be recorded, or he must enter satisfaction, or cause satisfaction of such mortgage to be entered of record; and any mortgagee or assignee of such mortgage, who refuses to execute and deliver to the mortgagor the certificate of discharge, and to acknowledge the execution thereof, or to enter satisfaction or cause satisfaction to be entered of the mortgage, as provided in this chapter, is liable to the mortgagor, or his grantee or heirs for all damages which he or they may sustain by reason of such

refusal, and also forfeit to him or them the sum of one hundred dollars."

The foregoing section provides that the mortgagee must upon demand execute and deliver a certificate of the discharge of the mortgage which must, at the expense of the mortgagor, be acknowledged, so as to entitle it to be recorded, or, if not released in this manner, the mortgagee must enter satisfaction of record. It will be observed from a careful reading of this section that it deals exclusively with recorded mortgages, providing for the acknowledgment of the certificate of discharge so as to entitle the same to be recorded. If it had been dealing with chattel mortgages, it would only require a certificate sufficient in form to entitle the same to be filed, which manner of releasing chattel mortgages is amply provided for by section 4428, Comp. Laws 1909.

This theory is strengthened by the sections preceding the one under discussion. Section 4405, Comp. Laws 1909, provides the manner in which a recorded mortgage can be discharged by entry on the margin of the record, signed by the mortgagee acknowledging its satisfaction in the presence of the register, who must certify in form as provided by said section. Section 4406 deals with releases of recorded mortgages, by the officer having custody thereof, upon presentation of a certificate of satisfaction acknowledged or proved and certified as is required for transfers. Section 4407 provides that the certificate of the discharge of a mortgage, and proof or acknowledgment thereof, must be recorded at length and a reference made in the record to the book and page where the mortgage is recorded. Then follows the section allowing a forfeiture of $100 for refusing to execute and deliver to the mortgagor the certificate of discharge, and

to acknowledge the execution thereof or to enter satisfaction of the mortgage. Following this section is the one giving the form of mortgage of real property.

Section 4422, Comp. Laws 1909, requires that a chattel mortgage be filed by depositing the same in the office of the register of deeds. Section 4428, Comp. Laws 1909, requires the register of deeds to receive and file all such instruments, keeping the same in his office in regular and orderly file, not permitting any of them to be removed until canceled. This same section provides for the manner of release by presentation to the register of deeds of a receipt for the sum, money, or property secured, or an acknowledgment of satisfaction thereof signed by the mortgagee. No provision is made for the recording of a mortgage on personal property, the statutes merely requiring that the same shall be filed by depositing the same in the custody of the register of deeds. In order to release a chattel mortgage, it is not necessary that such release should be recorded, but the statute provides that a receipt for the sum, money, or property secured, or the acknowledgment of satisfaction signed by the mortgagee, shall be sufficient authority to warrant the register of deeds in releasing the chattel mortgage. No acknowledgment is required in dealing with releases of chattel mortgages. Section 4408 appears in the statutes from 1890 until the adoption of the Revised Laws of 1910. The Legislature of 1897 (Laws 1897, c. 8, sec. 34; section 1218, Comp. Laws 1909) provided a penalty for the failure to release real estate mortgages, and whether that section had the effect of repealing the former act, or gave a cumulative remedy, it is not necessary to be decided. The compilers of the Revised Laws of 1910 redrafted section 4408, *supra,* and

made it apply exclusively to the releasing of chattel mortgages. This suit was instituted before the Revised Laws of 1910 became effective.

We therefore conclude that section 4408, *supra,* did not apply to the releasing of chattel mortgages until after the same was redrafted by the Revised Laws of 1910, and the court improperly instructed the jury to return a verdict in favor of the plaintiff, and the cause should therefore be reversed.

By the Court: It is so ordered.