### FARMERS' STATE BANK OF GLENCOE v. HARRIS.

No. 7340—Opinion Filed Oct. 3, 1916.

(160 Pac. 317.)

**Chattel Mortgages—Release—Statutory Provision.**

Section 4408, Comp. Laws 1909, providing a forfeiture of $100 for the failure to release a mortgage which has been satisfied, deals exclusively with recorded mortgages, and does not apply to chattel mortgages which are by law merely required to be filed.

(Syllabus by Burford, C.)

Appeal from County Court, Payne County; W. H. Wilcox, Judge.

Action by the Farmers' State Bank of Glencoe against A. D. Harris. Judgment for the defendant, and plaintiff appeals. Reversed and remanded, with directions to grant new trial.

J. W. Reece, for plaintiff in error.

Opinion by BURFORD, C. This was a suit instituted by the plaintiff against the defendant in the county court of Payne county in January, 1913. Answer was filed on the 25th day of February, 1913. The plaintiff declared upon a promissory note executed by the defendant in its favor on March 1, 1912. Defendant answered, setting up that there was a total failure of consideration of the note, and seeking to have it cancelled, and further alleging that the mortgage ought, under the statute and laws of this state, to have been released prior to the institution of the suit; that he had made demand therefor upon plaintiff bank, which had been refused; that by reason thereof he was entitled to a penalty of $100 and damages in the further sum of $900. There was

a trial to the jury, resulting in a verdict canceling the note and a judgment over against the plaintiff in the sum of $200 and costs. From this judgment, after motion for new trial was filed and overruled, the plaintiff appeals to this court. The plaintiff has filed its brief in compliance with the rules. Although this brief has been on file since July 1, 1916, the defendant in error has failed to file any brief in this court.

It appears from the plaintiff's brief that the money judgment against it and the instructions of the trial court authorizing it were based upon section 4408, Comp. Laws 1909. This statute had no application to chattel mortgages, and a recovery under it of a penalty for failure to release a chattel mortgage was erroneous. Bombeck v. Hamblett, 52 Okla. 86, 152 Pac. 813. The Revised Laws of 1910, not having been put in force at the time of the institution of this action, have no applicability thereto.

Numerous errors are assigned relative to the sufficiency of the defendant's pleading and of his evidence to sustain a judgment in his favor. Had the defendant complied with the rules of this court by filing a brief, we should have investigated and passed upon the questions so raised to determine whether or not in our judgment we should award a new trial or merely require a remittitur of the money judgment.

Inasmuch as no brief for defendant has been filed without expressing any opinion upon the remaining questions raised, for the error pointed out in the instructions of the trial court, the cause is remanded, with directions to grant a new trial.

By the Court: It is so ordered.